OPINION OF THE COURT
Joseph J. Sedita, J.
This case of the first impression requires this court to determine the meaning of the word "retirement” in the stipulated agreement reached between these parties.
The parties herein were divorced in 1984 by judgment of this Justice. Said judgment incorporated a stipulated agreement between these parties which provided in part: "Upon thé husband’s retirement, he is to assign $500.00 a month to the wife from his pension plan at Carborundum. Further, in regard to the same, he agrees to name her the surviving spouse and she shall have the right to said pension plan in the event of his death but her right shall be limited to the sum of receiving $500.00 a month.”
*949 In January of 1986, the defendant retired from Carborundum and elected to take his pension in a lump sum exceeding $100,000. The defendant now works for another company and contends that he is not, therefore, "retired” so as to fall within the agreement requiring payments upon retirement.
Our court gives special scrutiny to agreements between spouses to ensure fairness and conscionability in inception and effect. (See, Christian v Christian, 42 NY2d 63.) Where the language of an agreement is clear, parol evidence is excluded in the interpretation of the agreement (see, Fisch, New York Evidence §§ 41, 56-58 [2d ed]; Boss v Boss, 107 Misc 2d 984).
Webster’s New Twentieth Century Dictionary (unabridged) defines the verb "retire” in part as "to withdraw” or to "remove from a position or office.”
Ballentine’s Law Dictionary defines retirement as "[a] termination of employment under conditions entitling one to retirement benefits.”
It is not at all uncommon today for a person to "retire” from one’s job and find new employment while receiving retirement benefits from the first job. The language and clause in question must be read as a unity to discern a proper interpretation. It is thoroughly obvious from a plain reading of this clause that the retirement in question was retirement from Carborundum. That event "triggered” her rights to her agreed "share” of that pension ($500 per month). Any other interpretation would require interpretative acrobatics which would do a disservice to the application of a fair, just and plain reading of this agreement.
Accordingly, the defendant should be directed to comply with his agreement as above interpreted.